FILED
SUPERIOR COURT
OF GUAM

2024 JAN -4 PM 4: 04

CLERK OF COURT
C&
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**KENIO KIRACHKY**<br>(*aka* **KENIO KIRACHKI**)<br>(*aka* **KEN KIRACHLEY**),<br>DOB: 10/27/1977 *or* 10/23/1978 *or* 10/27/1976<br><br>Defendant. | **Criminal Case No. CM0256-23**<br>GPD Report No. 23-17366<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 6, 2023 for hearing on Kenio Kirachky's (*aka* Kenio Kirachki's) (*aka* Ken Kirachley's) ("Defendant's") Motion to Suppress ("Motion"). Assistant Attorney General Leah Diaz-Aguon represents the People, and Assistant Public Defender Jocelyn Roden represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

Defendant is a citizen of the Federated States of Micronesia and born in the island of Chuuk. On July 12, 2023, Defendant was arrested and charged with Family Violence (as a Misdemeanor) after allegedly punching his girlfriend, Kaminta Nota ("Victim"), in the mouth. See Magistrate's Complaint (Jul. 13, 2023).

GPD Officer Fejeran was the responding officer who ultimately arrested Defendant. See Court Recording at 10:51:00am (Nov. 6, 2023). Officer Fejeran handcuffed Defendant and placed Defendant in the back seat of his patrol vehicle. Id. at 10:52:00am. Officer Fejeran then advised Defendant of his *Miranda* rights, to which Defendant responded by saying yes and nodding his head in apparent understanding and acknowledgment thereof. Id. at 10:54:00am.

Decision and Order Denying Defendant's Motion to Suppress
CM0256-23, *People of Guam v. Kenio Kirachky*
Page 1 of 5

Officer Fejeran then transported Defendant to the Dededo Precinct and placed Defendant in an interview room. Id. at 10:55:00am. Before the interview began, Defendant's Daughter, Kimberley Nota, arrived and asked to see her father. Id. at 10:56:00am. Officer Fejeran had a conversation in English with Defendant, during which Defendant acknowledged Kimberley as his daughter and permitted her to sit in on the interview. Id. at 10:57:00am.

Inside the interview room, Officer Fejeran re-advised Defendant of his *Miranda* rights. Id. at 10:57:30am. Defendant also completed a Custodial Interrogation Rights Form, which including him writing "yes" in English next to each paragraph indicating that he understood his *Miranda* rights. Id. at 10:58:00am.

During the interview itself, Defendant made several incriminating statements. Also, Kimberley acted as a translator to assist her father's communication throughout the interview. Id. at 11:42:00am. Kimberley translated many of Officer Fejeran's statements into Chuukese for her father's understanding. Id. at 11:43:00am. Defendant responded throughout the interrogation in English, but Kimberley frequently had to repeat Defendant's responses since they were spoken at low volume. Id. at 11:43:00am.

On September 1, 2023, Defendant filed his Motion to Suppress. Defendant seeks to suppress all statements made during the Dededo Precinct interview, arguing that his limited English knowledge prevented him from validly waiving his *Miranda* rights. See Motion at 5 (Sep. 1, 2023).

On September 12, 2023, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim that Defendant did validly waive his *Miranda* rights, indicated by his signing a written waiver, his apparent understanding of those rights, his prior experience in the criminal justice system, and the fact that he was advised of these rights at two separate times/locations. See Opposition at 4-8 (Sep. 12, 2023).

The Court held a hearing on November 6, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Preliminary Rules:

Decision and Order Denying Defendant's Motion to Suppress
CM0256-23, *People of Guam v. Kenio Kirachky*
Page 2 of 5

The Fifth Amendment provides for the right against self-incrimination in criminal cases. See U.S. Const. Amend. IV. One's Fifth Amendment right applies both inside and "outside of criminal court proceedings and serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves." See *Miranda v. Arizona*, 384 U.S. 436, 467 (1966).

In order to combat pressures to speak and potentially incriminate oneself during custodial interrogations, individuals "must be adequately and effectively apprised" of their right against self-incrimination. Id. at 467. This is done via the issuing of *Miranda* rights, where an individual is informed of their "right to remain silent", that "anything said can and will be used against the individual in court", and of their "right to have counsel present at the interrogation." Id. at 467-471.

If an individual is subject to a custodial interrogation without having been informed of and waiving their *Miranda* rights, any statements made during the interrogation are not admissible during trial. See *Stansbury v. California*, 511 U.S. 318, 322 (1994). Only "voluntary" *Miranda* waivers are valid, which requires a "requisite level of comprehension" and an "uncoerced choice". See *People v. Farata*, 2007 Guam 8 ¶ 46. The voluntary nature of a *Miranda* waiver is judged "from the totality of the circumstances, which includes the background, experience, and conduct of the defendant." Id. at ¶ 46.

**II.   Application:**

**a.   Defendant was subjected to a custodial interrogation.**

The first issue the Court must address is whether the Defendant's statements were made during a custodial interrogation, as *Miranda* waivers are required only in those situations. Id. at ¶ 22. An individual is in custody when he or she "is taken into custody or otherwise deprived of his freedom by the authorities in any significant way". See *Miranda v. Arizona* at 478. The test is "would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." See *Thompson v. Keohane*, 516 U.S. 99, 100 (1995). An individual is subject to interrogation when asked questions "that the police should know are reasonably likely to elicit an incriminating response from the suspect." See *Rhode Island v. Innis*, 446 U.S. 291, 292 (1980).

Decision and Order Denying Defendant's Motion to Suppress
CM0256-23, *People of Guam v. Kenio Kirachky*
Page 3 of 5

Here, Defendant was subjected to a custodial interrogation. Defendant was in custody since he was arrested, handcuffed, and brought against his will to the Dededo Precinct. A reasonable person would not feel they are free to leave such a situation. Defendant was subject to interrogation since Officer Fejeran asked him questions about Defendant's alleged criminal conduct, which Officer Fejeran should know is likely to elicit an incriminating response. Therefore, Defendant's statements during his interview must follow a valid waiver of his *Miranda* rights in order to be admissible.

**b. Defendant's statements are admissible because they follow a waiver of his Fifth Amendment rights.**

The next issue the Court must address is whether Defendant validly waived his *Miranda* rights, as Defendant's statements are only admissible following a valid *Miranda* waiver. See *Stansbury v. California* at 322.

Here, under the totality of the circumstances, Defendant voluntarily waived his *Miranda* rights. No evidence has been put forward to suggest Defendant was coerced into making his waiver. Furthermore, Defendant had the requisite level of comprehension to understand his waiver and the effects thereof. Officer Fejeran testified that Defendant did not appear to need an interpreter, as Defendant responded to Officer Fejeran's questioning in English and in a logical manner. See Court Recording at 11:12:30am (Nov. 6, 2023). Defendant's daughter also testified that Defendant understood English and was able to communicate in English both orally and in writing. Id. at 11:40:00am-11:45:30am. Defendant's conduct in acknowledging each *Miranda* warning orally, by head movement, and in writing, combined with his sufficient knowledge of the English language shows that under the totality of the circumstances, these waivers were made so voluntarily, knowingly, and intelligently.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Defendant's statements during his interview at the Dededo Precinct will not be suppressed as they follow a valid waiver of his Fifth Amendment rights.

**IT IS SO ORDERED** this January 4, 2024 .

Decision and Order Denying Defendant's Motion to Suppress
CM0256-23, *People of Guam v. Kenio Kirachky*
Page 4 of 5



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Suppress
CM0256-23, *People of Guam v. Kenio Kirachky*
Page **5** of **5**